Jackie **SCILLION** et al., Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 6, 1972.

Rehearing Denied Dec. 15, 1972.

Joseph S. Freeland, Paducah, for appellants.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Justice.

Jackie Scillion and Larry Thweatt were convicted in the Marshall Circuit Court of breaking and entering a dwelling house with intent to steal. KRS 433.180. Ronald Greenup was convicted of aiding and abetting this crime. Their punishment was fixed by the jury at two years' confinement in the state penitentiary. They appeal. We affirm.

Mr. and Mrs. Carl Ligon were the owners of a home located on Kentucky Lake in Marshall County. The dwelling house was situated approximately one and one-half miles from U. S. Highway 641 on Sledd Creek Road. This road dead-ends about a mile beyond the Ligon home.

On the evening of March 7, 1971, the Ligons, their daughter, and Mr. and Mrs. G. W. Holt, after having dinner at a restaurant, returned to the Ligon home. As they drove into the driveway, Mr. Ligon and others in the car noticed that certain lights in the house were burning that had been turned off when they left the residence.

Mr. Ligon also saw two "shadows" moving about inside the house. When Mr. Ligon got out of his car and gave chase, the fleeing "shadows" disappeared in the direction of the dead-end portion of the Sledd Creek Road. Mr. Holt discovered that the sliding glass door facing the lake had been broken and forced open. Red clay footprints were found on the floors and carpets in the house. The only items missing were two boxes of shotgun shells. These were not recovered. Mr. Holt called the police and then drove out the Sledd Creek Road toward U. S. 641, looking for the suspects. As Holt proceeded on the road, he observed a car coming toward him from the direction of U. S. 641. The car passed him and went on toward the Ligon home. Holt did not see who or how many persons were in the car. A few moments later he met another oncoming car. This vehicle was being operated by Officer Outland, a deputy sheriff. Holt turned around and drove back to the Ligon home.

Officer Outland and Mr. Ligon set up a road block near the Ligon home to stop any car coming from the direction of the dead end. Shortly thereafter, a car proceeding from the dead end approached the road block and stopped. It was occupied by the appellants, Scillion and Thweatt, and driven by Greenup. This was the same car that Holt had met earlier on the road.

When asked what they were doing in the area, the appellants explained that they had come to Kentucky Lake to visit a friend, but by mistake had taken the Sledd Creek Road. When they came to the dead end, they realized their mistake, turned around, and were on their way back when stopped at the road block. The denied any connection with a break-in.

Plaster of Paris casts of footprints found in a garden near the broken glass door were introduced into evidence by the Commonwealth. Detective Hill of the Kentucky State Police testified that one of the footprints in the garden clearly revealed he lettering "B. F. Goodrich."

This same design was on the heel of appellant Scillion's boots. Hill also testified that another of the footprints was longer and more narrow than that of the average boot. He found this latter footprint to be identical to that of appellant Thweatt's boots. Mr. Ligon and a police officer testified that they, too, had observed in the garden the footprints which possessed the general characteristics testified to by Detective Hill. There was also evidence that Thweatt's and Scillion's boots had red mud on them.

The appellants urge reversal of their conviction on two grounds: (1) The indictment was insufficient and void; and (2) the evidence was insufficient to take the case to the jury.

The appellants contend that the indictment was insufficient, in that each count of the indictment did not conclude with the words "against the peace and dignity of the Commonwealth of Kentucky."

We stated in Ingram v. Commonwealth, Ky., 427 S.W.2d 815 (1968):

> "Rawlings v. Commonwealth, 191 Ky. 401, 230 S.W. 529 (1921) is dispositive of this issue. There it was held that an indictment listing former convictions need not contain the words 'against the peace and dignity of the commonwealth' after each accusatory part of the indictment and that it is sufficient if that statement appears at the close of the indictment. The indictment now under consideration complies with section 123 of the Kentucky Constitution."

 In the instant case the magic words of Section 123 of the Kentucky Constitution appear at the end of the last count in the indictment. We do not hesitate in finding the indictment valid.

 Appellants argue that the evidence presented against them was insufficient to take the case to the jury and, at most, merely raised a suspicion that they were guilty. We agree with appellants that circumstantial evidence which merely points a finger of suspicion is not enough. Hodges v. Commonwealth, Ky., 473 S.W.2d 811 (1971); Collinsworth v. Commonwealth, Ky., 476 S.W.2d 201 (1972).

 The evidence established that the appellants were apprehended near the scene of the crime shortly after it occurred; no other automobiles were in the vicinity; two of the appellants had red clay on their boots; red clay footprints were found on the carpets and floors in the Ligon home; and plaster casts of footprints in the garden matched the prints of the boots of one of the accused. The jury found this evidence, together with all other evidence, strong enough to convict. We believe the evidence afforded the jury a fair and reasonable ground upon which to base its verdict.

We find there was ample evidence to justify the submission of the innocence or guilt of the appellants to the jury. Moore v. Commonwealth, Ky., 446 S.W.2d 271 (1969); Jillson v. Commonwealth, Ky., 461 S.W.2d 542 (1970).

The judgment is affirmed.

All concur.